UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ARTHUR SETSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-293 |
| | ) | (VARLAN/GUYTON) |
| CIGNA GROUP INSURANCE, a/k/a | ) | |
| CIGNA INSURANCE, CO., | ) | |
| | ) | |
| Named Defendant, | ) | |
| | ) | |
| BABCOCK & WILCOX TECHNICAL | ) | |
| SERVICES Y-12, LLC | ) | |
| | ) | |
| Plan Administrator. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Remand [Doc. 6], filed by plaintiff Arthur Setser. In the motion, plaintiff moves the Court to remand this case to the Anderson County General Sessions Court of Tennessee because Babcock & Wilcox Technical Services, Y-12, LLC ("BWTS"), the entity who removed this action to this Court, was neither a party nor a defendant in the underlying state court action. BWTS has responded in opposition [Doc. 9]. Plaintiff has not filed a reply and the time for doing so has passed. *See* E.D. TN L.R. 7.1(a), 7.2. The matter is ripe for determination.

I.  **Relevant Background**

Around August 27, 2009, plaintiff initiated this action in Anderson County General Sessions Court with a civil warrant naming CIGNA Group Insurance, a/k/a CIGNA

Insurance Co. ("CIGNA Insurance Co.") as the sole defendant and seeking benefits allegedly due him under the terms of a group employee welfare benefit plan (the "Plan"), a claim pursuant to the Employee Retirement Income Security Program of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") [*see* Doc. 1-1; Doc. 1]. Around September 9, 2009, plaintiff served a copy of the civil warrant and summons on the Tennessee Department of Commerce and Insurance (the "Department") [*see* Doc. 1-1]. Around September 17, 2009, the Department returned the warrant and summons with a notice to plaintiff, informing him that the Department could not accept service for CIGNA Insurance Co. [*see* Doc. 1-2, p. 1]. The Department also provided plaintiff with the names of two entities for which the Department was authorized to accept service [*see id.*, p. 3]. These two entities were CIGNA Life Insurance Company of New York ("CIGNA Life of New York") and CIGNA Healthcare of Tennessee, Inc. [*Id.*].

Around September 30, 2009, plaintiff filed an alias civil warrant in the state court action naming CIGNA Life of New York as the sole defendant [*see* Doc. 1-1]. The alias civil warrant was served on the Department [*see* Doc. 6-1],[1] and, on October 26, 2009, a notice

---

[1] Plaintiff asserts that he properly served CIGNA Life of New York, care of the Department and pursuant to the Tennessee Rules of Civil Procedure [Doc. 6]. Plaintiff points to an affidavit and return receipt of service indicating personal receipt of the summons on October 6, 2009 [Doc. 1-1]. BWTS asserts that while it appears that the Department received the summons, it has been advised by the Department that it has no record of having received a summons for CIGNA Life of New York [Doc. 1-2]. In support of this assertion, BWTS has submitted a fax sent from the Department to counsel for BWTS indicating that the Department received and returned to plaintiff the summons to CIGNA Insurance Co. and gave plaintiff a list of two other companies for which the Department was authorized to accept service [Doc. 1-2]. The fax also indicates that the Department has no documentation that any other documents–such as the summons for CIGNA Life of New York–has been received [*Id.*].

2

of hearing was sent to CIGNA Life of New York advising it of the forthcoming trial date in the state court action [*see* Doc. 6-2]. On December 15, 2009, the state court entered a default judgement in favor of plaintiff and against "defendant," appearing from the judgment to be CIGNA Group Insurance Co. [*see* Doc. 1-1, p. 1].

On July 6, 2010, BWTS filed a notice of removal [Doc. 1], asserting that removal to this Court was proper, even though it was not a party and not a defendant in the state court action, because it is the plan sponsor and plan administrator of the Plan and a real party in interest [*Id.*, ¶ 5]. BWTS also asserts that Connecticut General Insurance Company ("CIGNA") is the claims administrator for the Plan [*Id.*] and upon information and belief, neither itself nor CIGNA has been served by plaintiff with copies of the warrant or summons [*Id.*, ¶ 8]. BWTS also asserts that the warrants in the underlying state court action incorrectly named CIGNA Insurance Co. and CIGNA Life of New York as defendants [*Id.*, ¶¶ 6, 7]. Last, BWTS asserts that it only became aware of the state court action on June 6, 2010 when plaintiff attempted to garnish payments allegedly owed by Lockheed Martin Energy Systems, the predecessor contractor for the Plan [*Id.*, ¶ 8; Doc. 5, p. 2, n.2].

**II.     Analysis**

On July 26, 2010, plaintiff filed the motion to remand, asserting that removal to this Court is improper because BWTS is neither a party nor a defendant in the underlying state court action and thus, has no standing to remove this case. In response, BWTS asserts that removal is proper because it removed this case in its capacity as the plan administrator of the Plan and because it is the only proper defendant in this case because a benefit plan is the only

defendant in a plaintiff's claim for benefits under ERISA. *See* 29 U.S.C. § 1132(d)(2) ("Any money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity[.]").

### A.     28 U.S.C. § 1446 – Removal

Statutes conferring removal jurisdiction are to be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000). Because of this strict construction, all doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *see also Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("The burden of showing that the district court has original jurisdiction is on the party seeking removal.").

### B.     Removal by BWTS

There does not appear to be a dispute that the Court would have original jurisdiction of the state court action pursuant to 28 U.S.C. § 1446 and 29 U.S.C. § 1132(a)(1)(B). Rather, plaintiff argues that removal is improper because BWTS was neither a party nor a defendant

4

in the underlying state court action. The Court also notes that BWTS did not intervene in the state court action.[2] Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

28 U.S.C. § 1441(a) (emphasis added). As this statutory language makes plain, only "the defendant or the defendants" may remove under § 1441(a). The question, then, is whether an entity who views itself as the proper defendant in a case, even though that entity is, as yet, not a party in that case, may be a "defendant" as that term is used is § 1441(a).

BWTS acknowledges that, in general, only a "defendant" may remove an action to federal court. However, BWTS asserts, removal was proper because it is the only possible defendant and it removed this case in its capacity as the plan administrator [Doc. 5-1].[3] In the alternative, BWTS asserts that even if it erred in removing this action in its capacity as plan administrator, any error was cured when CIGNA, the claims administrator for the Plan, timely joined in BWTS's motion to vacate even though CIGNA was also not properly served with process by plaintiff [Docs. 4, 5].

---

[2] BWTS states in its response to plaintiff's motion to remand that BWTS would seek permission to intervene in the state court action in the event the Court determines that remand of this case is proper [Doc. 9, p. 6].

[3] *See Administrative Information, Plan Sponsor and Administrator*, your book of benefits, For Active Employees of BWXT Y-12 and UT-Battelle (Sept. 14, 2010), http://www.bwxty12spd.com/administrative-information/plan-sponsor-administrator.php.

5

Section 1132(d)(1) of ERISA establishes that a benefit plan is a separate legal entity, 29 U.S.C. § 1132(d)(1), and § 1132(d)(2) provides that "a money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person . . . ." 29 U.S.C. § 1132(d)(2). The United States Court of Appeals for the Sixth Circuit has also observed that "ERISA establishes clearly that a plan is a separate legal entity subject to suit, and that any judgment rendered in an action for benefits under § 1132(a)(1)(B) is enforceable only against the plan." *Sullivan v. Cap Gemini Ernst & Young U.S.*, 573 F. Supp. 2d 1009, 1016 (N.D. Ohio 2008). Further, in *Daniel v. Eaton Corp.*, the Sixth Circuit noted with approval a decision holding that a benefit plan is the "only proper defendant," even though the employer, when acting as the plan administrator, may also be sued. 839 F.2d 263, 266 (6th Cir. 1988) (noting *Barrett v. Thorofare Mkts.*, 452 F. Supp. 880, 884 (W.D. Pa. 1978)).

The Court, however, does not find it necessary to address the question of whether BWTS is the proper defendant for plaintiff's ERISA claim. The Sixth Circuit has held repeatedly that the removal statutes are to be narrowly construed because removal jurisdiction encroaches on a state court's jurisdiction. *See, e.g., Long*, 201 F.3d at 757 ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed."); *Brierly*, 184 F.3d at 534 ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."); *Queen*, 874 F.2d at 339 (noting that "[t]he removal petition is to be strictly construed"). For instance, the United States Supreme

Court has noted that a plaintiff who must defend against a counterclaim is not a defendant within the meaning of § 1441, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and the Sixth Circuit has held that third-party defendants may not remove to federal court under § 1441(a). *See First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 465 (6th Cir. 2002). Further, the Court is not aware of any case, and the parties have not presented the Court with one, in which a court has addressed this precise issue.

Accordingly, and upon the Court's review of the briefs, the submitted exhibits, and the relevant law, the Court agrees with plaintiff that BWTS, who was neither a party nor a defendant in the underlying state court action, even if it is the plan administrator and the proper defendant under the applicable ERISA provisions, cannot remove to federal court the underlying state court action pursuant to § 1441(a). Plaintiff did not name BWTS in the underlying civil warrants, plaintiff did not serve BWTS, or, as it appears, any other party with a relationship to this case, and BWTS did not intervene in the underlying state court action. Moreover, BWTS has not indicated that it will suffer any undue prejudice upon this Court's remand of this case, given that BWTS has laid out to the Court the steps it will take in the event of a remand, noting that BWTS would "seek permission to intervene in the action to protect the Plan's interests" and "once properly served, any defendant could, and likely would, remove the action to federal court on the same basis this claim has been removed." [Doc. 9, pp. 6, 7].

Finally, the Court does not agree that the removal was cured when CIGNA joined in the motion to vacate filed by BWTS. Like BWTS, it does not appear to the Court that

7

CIGNA was a party and a defendant in the underlying state court action, nor does it appear that CIGNA was properly served by plaintiff.

### III. Conclusion

For the reasons stated herein, the Court finds that removal of this case was improper because BWTS was not a defendant in the underlying state court action. Accordingly, plaintiff's Motion to Remand [Doc. 6] is hereby **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case will be **DISMISSED** and **REMANDED** to the Anderson County General Sessions Court of Tennessee. The Court also declines to exercise its discretion and award attorneys' fees incurred as a result of the removal. 28 U.S.C. § 1447(c). The Clerk of Court is hereby **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE